# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

**DONNIE JAMES VINSON,**

 **Plaintiff,**

vs.               Case No. 3:08-cv-512

**CAMPBELL COUNTY SHERIFF'S DEPARTMENT; ZACHARY F. GRAVES, individually and in his capacity as officer of the Campbell County Sheriff's Department; ADAM DOUGLAS, individually and in his capacity as officer of the Campbell County Sheriff's Department; and GARY W. PERKINS, individually and in his capacity as sheriff of the Campbell County Sheriff's Department,**

 **Defendants.**

## ANSWER

Come the Defendants, Campbell County Sheriff's Department; Zachary F. Graves, individually and in his capacity as officer of the Campbell County Sheriff's Department; Adam Douglas, individually and in his capacity as officer of the Campbell County Sheriff's Department; and Gary W. Perkins, individually and in his capacity as sheriff of the Campbell County Sheriff's Department, and in response to the Complaint herein filed against them, would say unto the Court as follows:

## NATURE OF ACTION

These Defendants would assert that this paragraph is but Plaintiff's statement of his theory of his case, and as such, no response is required nor none is given. However, any inferences of wrongdoing against these Defendants are denied.

## JURISDICTION

1. These Defendants do not have information sufficient to admit or deny the allegations of Plaintiff's citizenship or residency, and proof is demanded thereof. These Defendants admit that they were citizens and residents of Tennessee.

2. Plaintiff's statement in paragraph 2 is but a recitation of his legal theory of his claim, and as such, no response is required nor none given.

## THE PARTIES

1. These Defendants do not have information sufficient to admit or deny the allegations of residency in paragraph 1 of the Plaintiff's Complaint and strict proof is demanded thereof.

2. These Defendants would admit that the Campbell County Sheriff's Department, Zachary Graves, Adam Douglas, and Gary Perkins may be located at P.O. Box 82, Jacksboro, Campbell County, Tennessee.

## FACTUAL ALLEGATIONS

1. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 1 of Plaintiff's Complaint, and as such, strict proof is demanded thereof.

2. These Defendants deny the allegations in paragraph 2 of Plaintiff's Complaint, as Plaintiff was traveling in the southbound lane of I-75 toward Knoxville.

2

3. These Defendants deny the allegations in paragraph 3 of Plaintiff's Complaint, and as such, strict proof is demanded thereof.

4. These Defendants deny the allegations in paragraph 4 of Plaintiff's Complaint, and as such, strict proof is demanded thereof.

5. These Defendants deny the allegations in paragraph 5 of Plaintiff's Complaint, and as such, strict proof is demanded thereof.

6. The allegations in paragraph 6 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

7. The allegations in paragraph 7 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

8. These Defendants admit that the Plaintiff was handcuffed while on the ground.

9. The allegations in paragraph 9 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

10. These Defendants do not know what the Plaintiff "recalls," but would deny the allegations in paragraph 10 of Plaintiff's Complaint and strict proof is demanded thereof.

11. These Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint, and strict proof is demanded thereof.

12. These Defendants deny the allegations in paragraph 12 of Plaintiff's Complaint, and strict proof is demanded thereof.

13. These Defendants do not know what Plaintiff "felt" and therefore do not have information sufficient to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint, and strict proof is demanded thereof.

14. The allegations in paragraph 14 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

15. Upon information and belief, the allegations in paragraph 15 of Plaintiff's are admitted.

16. The allegations in paragraph 16 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

17. The allegations in paragraph 17 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

18. Upon information and belief, these Defendants admit a bond was set by the Circuit Court Judge.

19. These Defendants do not information sufficient to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint, and strict proof is demanded thereof.

20. The allegations in paragraph 20 of Plaintiff's Complaint are denied and strict proof is demanded thereof.

21. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint, and strict proof is demanded thereof.

22. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 22 of Plaintiff's Complaint, and strict proof is demanded thereof.

23. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint, and strict proof is demanded thereof.

24. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint, and strict proof is demanded thereof.

25. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint, and strict proof is demanded thereof.

26. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 26 of Plaintiff's Complaint, and strict proof is demanded thereof.

27. The allegations in paragraph 27 in Plaintiff's Complaint are denied and strict proof is demanded thereof.

28. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 28 of Plaintiff's Complaint and, as such, strict proof is demanded thereof.

29. These Defendants do not have information sufficient to admit or deny the allegations in paragraph 29 of Plaintiff's Complaint and, as such, strict proof is demanded thereof.

30. These Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint, and strict proof is demanded thereof.

31. The allegations in paragraph 31 of Plaintiff's Complaint are denied.

32. These Defendants would assert that the Plaintiff's Complaint fails to state a claim against them upon which relief can be granted. Therefore, these Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in the alternative, Rule 56, with costs taxed to the Plaintiff.

33. These Defendants hereby assert and rely upon all applicable defenses or immunities including, but not limited to, those enumerated under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-2-101, et seq., the U.S. Constitution, the Statutes of the United States, including, but not limited to, 42 U.S.C. § 1983, et seq.

34. These Defendants would assert that they have complied with the requirements of the laws of the State of Tennessee and federal government with regard to Plaintiff's constitutional rights.

35. These Defendants would assert that they are entitled to qualified immunity and any statements made to or actions against Plaintiff did not constitute a violation of his civil rights.

36. At all times materials, these Defendants acted in good faith under the mandate of both federal and state law, and their conduct was objectively reasonable under the circumstances then and there existing.

37. These Defendants deny that the Plaintiff suffered any damages or injuries as a proximate result of any negligence or actions of these Defendants.

38. These Defendants would allege that they acted reasonably and appropriately under the conditions then and there existing at the time while attempting to make an arrest of an intoxicated driver.

39. These Defendants would assert that Zachary Graves, Adam Douglas, and Gary Perkins affirmatively and individually assert their entitlement to dismissal as a matter of law based on the Doctrine of Qualified Immunity.

40. The Defendant, Campbell County Sheriff's Department, specifically relies upon provisions of the Governmental Tort Liability Act as they apply to discretionary functions. Further, Defendant, Campbell County Sheriff's Department, relies upon limits of liability set forth in the Governmental Tort Liability Act.

41. These Defendants affirmatively assert that the Complaint fails to state a claim for which relief can be granted to Sheriff Gary Perkins, in his official and/or individual capacity, and he affirmatively and individually asserts his entitlement to dismissal as a matter of law based on the

Doctrine of Qualified Immunity.  Further, any allegations of liability against Defendant Gary Perkins is without foundation in law pursuant to T.C.A. § 8-8-301.

42. These Defendants would assert that the Plaintiff has failed to show any action taken by these Defendants that would entitle him to recover under 42 U.S.C. § 1983.

43. These Defendants would assert that the Campbell County Sheriff's Department is not a legally recognized entity that can be sued and, as such, should be dismissed.

44. Any allegation of this Complaint not heretofore admitted, denied or explained is hereby denied.

45. These Defendants respectfully reserve the right to plead further as discovery takes place.

WHEREFORE, now having fully answered the Plaintiff's Complaint, these Defendants request this Court to dismiss this cause of action with the costs taxed to the Plaintiff.

Respectfully submitted:

/s/ Rhonda L. Bradshaw, RN JD
Rhonda L. Bradshaw, RN JD (BPR #014082)
Spicer, Flynn & Rudstrom PLLC
Attorney for Defendants
First Tennessee Tower, Suite 1400
800 S. Gay Street
Knoxville, TN  37929
(865) 673-8516

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2009, a copy of the foregoing Answer was filed via the electronic filing system for the U.S. District Court Eastern District of Tennessee at Knoxville and delivered to the following:

Donnie James Vinson
660 Banner Fork Road
Wallins Creek, Kentucky  40873


/s/ Rhonda L. Bradshaw, RN JD
Rhonda L. Bradshaw, RN JD

8