UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

DONNIE JAMES VINSON,

    Plaintiff,

vs.                                    No.: 3:08-CV-512

CAMPBELL COUNTY SHERIFF'S
DEPARTMENT; ZACHARY F. GRAVES,
INDIVIDUALLY AND IN HIS CAPACITY
AS OFFICER OF THE CAMPBELL COUNTY
SHERIFF'S DEPARTMENT; ADAM
DOUGLAS, INDIVIDUALLY AND IN HIS
CAPACITY AS OFFICER OF THE
CAMPBELL COUNTY SHERIFF'S
DEPARTMENT; and GARY PERKINS,
INDIVIDUALLY AND IN HIS CAPACITY
AS SHERIFF OF THE CAMPBELL COUNTY
SHERIFF'S DEPARTMENT,

    Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**
_____

      The Defendants, Campbell County Sheriff's Department, Zachary F. Graves, Adam Douglas, and Gary Perkins, by and through counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submit the following Memorandum of Law in support of their Motion for Summary Judgment.

## FACTS

      Plaintiff is a resident of Kentucky. (Doc. 1 at 2.) On December 29, 2007, at approximately 2:30 a.m., Plaintiff was traveling south on I-75 in Campbell County in a florist van. (Doc. 1 at 3, ¶ 1.) Several people called the Sheriff's Department to report

seeing Plaintiff's vehicle swerving on I-75. (*See* Campbell County Sheriff's Department Complaint – Affidavit of Zachary Graves, attached as Exhibit A.) Officer Graves observed Plaintiff crossing the white line and center line several times. (*See* Ex. A.)

Plaintiff was stopped by officers Adam Douglas and Zachary Graves of the Campbell County Sheriff's Department. (Doc. 1 at 3, ¶¶ 2, 4; Ex. A.) Plaintiff did not shift his vehicle from "Drive" to "Park" when he pulled over. (*See* Doc. 1 at 3, ¶ 5; Ex. A.) Officers Graves and Douglas approached Plaintiff's vehicle and told Plaintiff to get out of the van. (Doc. 1 at 3, ¶ 4.) Officer Graves opened the Plaintiff's door. (Doc. 1 at 3, ¶ 5; Ex. A.) The van started rolling forward as Officers Graves and Douglas removed Plaintiff from the van. (Doc. 1 at 3, ¶ 6; Ex. A.) Plaintiff became combative towards Officers Graves and Douglas. (Ex. A.) Plaintiff was arrested for DUI, felony evading arrest, and resisting arrest. (*See* Doc. 1 at 4, ¶ 21;.)

Plaintiff admitted to Officers Graves and Douglas that he had consumed approximately four glasses of wine and had taken half of an Alprazolam pill. (Ex. 2.) Plaintiff was transported to St. Mary's Hospital for a blood sample and treatment. (Doc. 1 at 4, ¶¶ 11, 15.) Plaintiff claims that Officers Graves and/or Douglas used excessive force in arresting him. (Doc. 1 at 3, ¶¶ 6-11.)

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), the Court will render summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists, *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.

1994). The Court must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Oakland Gin Co., Inc. v. Marlow*, 44 F.3d 426, 429 (6th Cir. 1995); *City Mgmt. Corp. v. U.S. Chem. Co., Inc.*, 43 F.3d 244, 250 (6th Cir. 1994). Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party may not rest on its pleadings but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987). The standard for summary judgment mirrors the standard for directed verdict. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy*, 39 F.3d at 1347.

3
Case 3:08-cv-00512-TWP-HBG    Document 15    Filed 05/05/10    Page 3 of 14    PageID #: 64

In summary, in order for a non-moving party to defeat a motion for summary judgment, the non-moving party must come forward with persuasive evidence to support its claim that there is a genuine factual dispute. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989); *Celotex*, 477 U.S. 317 (1986); *Matsushita*, 475 U.S. 574 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).

**ISSUES PRESENTED**

I. **WHETHER CAMPBELL COUNTY SHERIFF'S DEPARTMENT IS SUBJECT TO SUIT**

II. **WHETHER PLAINTIFF'S CLAIMS AGAINST CAMPBELL COUNTY UNDER 42 U.S.C. § 1983 FAIL AS A MATTER OF LAW SINCE RESPONDEAT SUPERIOR IS NOT A PROPER BASIS OF LIABILITY UNDER § 1983**

III. **WHETHER SHERIFF GARY PERKINS IS IMMUNE FROM STATE LAW CLAIMS UNDER TENN. CODE ANN. § 8-8-301**

IV. **WHETHER OFFICERS GRAVES AND DOUGLAS USED REASONABLE FORCE UNDER THE CIRCUMSTANCES AND ARE THEREBY ENTITLED TO QUALIFIED IMMUNITY**

V. **WHETHER SHERIFF GARY PERKINS IS ENTITLED TO QUALIFIED IMMUNITY SINCE HE DID NOT AUTHORIZE OR KNOWINGLY ACQUIESCE IN ANY UNCONSTITUTIONAL CONDUCT**

VI. **WHETHER PLAINTIFF FAILS TO STATE A CLAIM UNDER THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT**

VII. **WHETHER PLAINTIFF IS ENTITLED TO ATTORNEY FEES SINCE HE IS PROCEEDING *PRO SE***

**ARGUMENT**

I. **CAMPBELL COUNTY SHERIFF'S DEPARTMENT IS NOT SUBJECT TO SUIT**

Plaintiff has sued Campbell County Sheriff's Department in this matter. A county sheriff's department cannot be sued. *Jones v. Union County*, 296 F.3d 417, 421 (6th Cir. 2002) ("ruling that Plaintiff's 42 U.S.C. § 1983 claim against the Sheriff's Department was dismissed because under *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), a county sheriff's department could not be sued"). Therefore, since Campbell County Sheriff's Department is not subject to suit, CCSD should be dismissed as a matter of law.

## II. PLAINTIFF'S CLAIMS AGAINST CAMPBELL COUNTY UNDER 42 U.S.C. § 1983 FAIL AS A MATTER OF LAW SINCE RESPONDEAT SUPERIOR IS NOT A PROPER BASIS OF LIABILITY UNDER § 1983

"Respondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006) (citing *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff contends that he was subjected to excessive force during an arrest by two sheriff's deputies of the Campbell County Sheriff's Department. (Doc. 1 at 3-4.) A municipality, such as Campbell County[1], cannot be held liable under § 1983 unless the alleged constitutional injury was inflicted by the municipality's "'lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). There is no evidence or implication that the use of excessive force in violation of the Fourth Amendment represents the official policy of Campbell County. "[M]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality

---

[1] The Defendants note that it is unclear whether Plaintiff actually sued Campbell County, Tennessee, as opposed to, or in addition to, suing Campbell County Sheriff's Department.

has officially sanctioned or ordered.'" *Id.* at 123, 108 S. Ct. at 924 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 480, 106 S. Ct. 1292, 1298 (1986)). There is no evidence that Campbell County officially sanctioned or ordered any aspect of Plaintiff's arrest. Even if Campbell County gave tacit approval of the decisions made regarding Plaintiff's arrest, "mere acquiescence in a single discretionary decision by a subordinate is not sufficient to show ratification." *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993) (citing *Praprotnik*, 485 U.S. at 127). "Otherwise, the [county] would be liable for all of the discretionary decisions of its employees, and this would be indistinguishable from *respondeat superior* liability." *Id.* Moreover, even if the Plaintiff could satisfy the ratification element, which he cannot as a matter of law, Campbell County would still be entitled to judgment as a matter of law because Plaintiff cannot prove that the county's supposed ratification "was the 'moving force' in causing the constitutional violation." *Id.* at 656 n.6 (citing *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991)). Accordingly, all claims against Campbell County under § 1983 fail as a matter of law.

### III. SHERIFF GARY PERKINS IS IMMUNE FROM STATE LAW CLAIMS UNDER TENN. CODE ANN. § 8-8-301

Sheriff Perkins is not "liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act or failure to act on the part of any deputy appointed by the sheriff, whether the deputy is acting by virtue of office, under color of office or otherwise." Tenn. Code Ann. § 8-8-301. It is unclear whether Plaintiff has made any state law claims against Sheriff Perkins given the nature of his Complaint. Nonetheless, courts have routinely dismissed pendent state law claims pursuant to Tenn. Code Ann. § 8-8-301. *See, e.g.*, *Warner v. McMinn County*, 2005 WL 3021972, at *3

(E.D. Tenn. Nov. 10, 2005); *Thurlby v. Sevier County*, 2006 WL 2423546, at *2 (Tenn. Ct. App. Aug. 23, 2006). The Court should continue this practice and dismiss any potential state law claims against Sheriff Perkins as a matter of law.

## IV. OFFICERS GRAVES AND DOUGLAS USED REASONABLE FORCE UNDER THE CIRCUMSTANCES AND ARE THEREBY ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Since there is no evidence that Officers Graves and Douglas are "plainly incompetent," Plaintiff must show that they "knowingly violated the law." To determine whether qualified immunity shields an official from civil liability, courts employ a two-step analysis: (1) whether a constitutional right has been violated, and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In *Estate of Carter*, however, the Sixth Circuit noted that a third step – "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights" – may "increase the clarity of the proper analysis." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 n.2 (6th Cir. 2005) (quoting *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 901 (6th Cir. 2004)); *see also Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893-94 (6th Cir. 2006) (discussing three-step analysis).

At the outset, it must be noted that the Plaintiff bears the burden of proving that the officers are not shielded by qualified immunity. *Miller*, 448 F.3d at 894 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)). Qualified immunity is

"an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1986). It is a privilege that is not a mere defense to liability, but an *immunity from suit* that is effectively lost if a case is erroneously permitted to go to trial. *Saucier*, 533 U.S. at 200-01 (quoting *Mitchell*, 472 U.S. at 526) (emphasis added). The Supreme Court "'repeatedly has stressed the importance of resolving immunity questions at the earliest possible stage of litigation.'" *Id.* at 201 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

As noted above, the first step in the qualified immunity analysis is to determine whether Officers Graves and Douglas violated Plaintiff's constitutional rights to be free from the use of excessive force. The Fourth Amendment is violated "if the force applied is excessive under the objective reasonableness standard." *Id.* (citing *Graham v. Connor*, 490 U.S 386 (1989)). Assessing objective reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *DeMerrell v. City of Cheboygan*, 206 Fed Appx. 418, 423, 2006 WL 3090133 (6th Cir. 2006) (quoting *Graham*, 490 U.S. at 396). The reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (quoting *Graham*, 490 U.S. at 396). Therefore, "the calculus must take into account 'the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.'" *Id.* (quoting *Graham*, 490 U.S. at 396-97). In the end, although the Fourth Amendment "reasonableness" inquiry is

largely fact-driven, summary judgment is "nonetheless appropriate when the undisputed material facts demonstrate that a hypothetical reasonable officer would not have known that his actions, under the circumstances, were objectively unreasonable." *Id.* (quoting *Scott v. Clay County*, 205 F.3d 867, 877 (6th Cir. 2000) (citing *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 902-03 (6th Cir. 1998))).

Here, Officer Graves observed Plaintiff's vehicle swerving on I-75 at around 2:30 AM. (Stmt. of Material Facts at No. 4.) Dispatch advised the officers that several people had called the Sheriff's Department about Plaintiff's van swerving on I-75. (Stmt. of Material Facts at No. 3.) Plaintiff later admitted to consuming four glasses of wine and one-half of a Xanax pill. (Stmt. of Material Facts at No. 12.) The ER nurse noted a strong odor of alcohol. (Stmt. of Material Facts at No. 14.)

When Officers Graves and Douglas stopped and approached Plaintiff's van, Plaintiff had not shifted his vehicle into "Park." (Stmt. of Material Facts at No. 6.) Officers Graves and Douglas told Plaintiff to exit the van. (Stmt. of Material Facts at No. 7.) Officer Graves indicated that Plaintiff "had trouble comprehending and executing" his instructions to open the door. (*See* Ex. A.) The officers opened the door and began removing Plaintiff from the van. (Stmt. of Material Facts at Nos. 7-8.) Plaintiff became combative, and the van started rolling forward. (Stmt. of Material Facts at Nos. 9-10.) After a struggle with Plaintiff, Officers Graves and Douglas managed to stop the van and arrest Plaintiff. (Stmt. of Material Facts at No. 11; Ex. A.)

Accordingly, at the time of the arrest, Officers Graves and Douglas were confronted with a seemingly intoxicated driver on the side of I-75 at 2:30 AM who became combative and resisted arrest. Plaintiff posed an immediate threat to the safety of

9

the officers and others. Plaintiff admitted that other vehicles were in the area. (Doc. 1 at 3, ¶ 3.) When Plaintiff's van began rolling forward after the officers had told him to exit the van, Officers Graves and Douglas were presented with an emergency situation requiring immediate action. Considering the emergency circumstances with which Officers Graves and Douglas were presented and Plaintiff's combativeness, it cannot be disputed that the officers did not apply excessive force under the objective reasonableness standard. To conclude, "from the safety of [a judge's] chambers and after hours of reflection, that an officer might have behaved more reasonably does not suffice to establish a cognizable excessive-force claim." *Miller v. Village of Pinckney*, 2010 WL 547072, at *3 (6th Cir. Feb. 18, 2010). In fact, the use of excessive force under certain circumstances does not preclude finding that officers are nonetheless entitled to qualified immunity. *Wysong v. City of Heath*, 260 Fed. Appx. 848, 854, 2008 WL 185798 (6th Cir. Jan. 22, 2008) (finding that "the officers did not use excessive force and certainly would have been entitled to qualified immunity if they did"). Therefore, Officers Graves and Douglas are entitled to qualified immunity.

Despite the fact that Plaintiff cannot survive the first inquiry in the qualified immunity analysis, the Defendants state that Plaintiff cannot satisfy the second inquiry either. The second step in the qualified immunity analysis is to determine whether the constitutional rights that were allegedly violated were "clearly established." *Miller*, 448 F.3d at 896 (citing *Estate of Carter*, 408 F.3d at 310-11) (citing *Saucier*, 533 U.S. at 201). "'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted.'" *Miller*, 448 F.3d at 896 (quoting *Saucier*, 533

U.S. at 202). "The burden of showing that the right was clearly established 'rests squarely with the plaintiff.'" *Perez v. Oakland County*, 466 F.3d 416, 427 (6th Cir. 2006) (quoting *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999)).

The Court "do[es] not assess the right violated at a high level of generality, but instead, . . . must determine whether the right is 'clearly established' in a more particularized, and hence more relevant, sense." *Myers v. Potter,* 422 F.3d 347, 356 (6th Cir. 2005) (quoting *Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987)). "'Because most legal rights are 'clearly established' at some level of generality, immunity would be impossible to obtain if a plaintiff were required only to cite an abstract legal principle that an official had 'clearly' violated.'" *Perez*, 466 F.3d at 428 (quoting *Martin v. Heideman,* 106 F.3d 1308, 1312 (6th Cir. 1997)). A prior court decision "must 'point unmistakably to the unconstitutionality of the conduct and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable [official] that [her] conduct was unconstitutional.'" *Key*, 179 F.3d at 1000 (quoting *Summar v. Bennett*, 157 F.3d 1054, 1058 (6th Cir. 1998) (citation omitted)). "If reasonable officials could disagree on the issue, immunity *must* be recognized." *Perez*, 466 F.3d at 427 (citing *Key*, 179 F.3d at 1000) (emphasis added). "'For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow to raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.'" *Key*, 179 F.3d at 1000 (quoting *Saylor v. Bd. of Educ.*, 118 F.3d 507, 515 (6th Cir.), *cert. denied,* 522 U.S. 1029 (1997) (citation and quotation omitted in original)). In short, Plaintiff must show

that no reasonable law enforcement officer would have used a similar level of force during his arrest. Plaintiff cannot carry this burden.

As discussed above, the Sixth Circuit has employed a third step to the qualified immunity analysis to "increase the clarity of the proper analysis." *Estate of Carter*, 408 F.3d at 310-11 n.2. This third step is "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights." *Id.* (quoting *Champion*, 380 F.3d at 901). There is no evidence that the officers' actions were objectively unreasonable. Accordingly, since Plaintiff cannot satisfy his burden that the officers do not enjoy qualified immunity from this suit, any claims against the officers fail as a matter of law.

## V. SHERIFF GARY PERKINS IS ENTITLED TO QUALIFIED IMMUNITY SINCE HIS DEPUTIES DID NOT ENGAGE IN UNCONSTITUTIONAL CONDUCT AND HE DID NOT AUTHORIZE OR KNOWINGLY ACQUIESCE IN ANY UNCONSTITUTIONAL CONDUCT

Sheriff Perkins is entitled to qualified immunity from Plaintiff's suit for two reasons: (1) his deputies did not engage in unconstitutional conduct, and (2) if they did, Sheriff Perkins did not authorize or knowing acquiesce in any such conduct. *See DeMerrell*, 206 Fed. Appx. at 429-30. Sheriff Perkins was not involved in the arrest of Plaintiff in any way whatsoever. Plaintiff does not allege in his Complaint that Sheriff Perkins was involved in the arrest. Accordingly, Sheriff Perkins is entitled to qualified immunity.

## VI. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE DEFENDANTS UNDER THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

12

Case 3:08-cv-00512-TWP-HBG Document 15 Filed 05/05/10 Page 12 of 14
PageID #: 73

The Tennessee Governmental Tort Liability Act provides conditions under which governmental entities either retain immunity from suit for damages or such immunity is removed. *See generally* Tenn. Code Ann. § 29-20-101, *et seq.* Governmental entities retain immunity from suit for injuries arising out of an alleged violation of civil rights. Tenn. Code Ann. § 29-20-205(2). In this case, Plaintiff has alleged injuries from the use of excessive force, which is a "civil rights" claim. Accordingly, the Defendants retain immunity from Plaintiff's state law claims under Tenn. Code Ann. § 29-20-205(2). *See Brooks v. Sevier County*, 279 F. Supp. 2d 954, 960-61 (E.D. Tenn. 2003) (dismissing GTLA claims for sheriff's deputy's alleged use of excessive force in effectuating arrest).

### VII. PLAINTIFF CLAIM FOR ATTORNEY FEES SHOULD BE DISMISSED SINCE HE IS PROCEEDING *PRO SE*

Non-lawyer *pro se* litigants are not entitled to an award of attorneys' fees under § 1988. *Kay v. Ehrler*, 900 F.2d 967, 969-70 (6th Cir. 1990) (citing *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987); *Rybicki v. State Bd. of Elections of State of Ill.*, 584 F. Supp. 849, 860 (N.D. Ill. 1984) (citing *Pitts v. Vaughn*, 679 F.2d 311 (3d Cir. 1982); *Lovell v. Snow*, 637 F.2d 170 (1st Cir. 1981); *Cofield v. City of Atlanta*, 648 F.2d 986 (5th Cir. 1981); *Davis v. Parratt*, 608 F.2d 717 (8th Cir. 1979)). Accordingly, Plaintiff's claim for attorneys' fees should be dismissed as a matter of law.

### CONCLUSION

The undisputed material facts demonstrate that Officers Graves and Douglas did not use excessive force under the circumstances. Plaintiff's claims against the Campbell County Sheriff's Department and Sheriff Perkins fail as a matter of law. Further, the

Defendants retain governmental immunity from Plaintiff's GTLA claims.  In the end, the Defendants are entitled to judgment as a matter of law as to all of Plaintiff's claims.

                      Respectfully submitted,

                      /s/ Rhonda L. Bradshaw
                      Rhonda L. Bradshaw, RN JD (BPR 014082)
                      Attorney for Defendants
                      SPICER RUDSTROM PLLC
                      800 S. Gay Street, Suite 1100
                      Knoxville, TN 37929
                      (865)673-8516

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2010, a copy of the foregoing Memorandum of Law in Support of Defendants' Motion for Summary Judgment was filed via the electronic filing system for the U.S. District Court Eastern District of Tennessee at Knoxville and delivered, via U.S. Mail, to the following:

    Donnie James Vinson
    660 Banner Fork Rd
    Wallins Creek, KY 40873

                      /s/ Rhonda L. Bradshaw
                      Rhonda L. Bradshaw, RN JD